UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:21-cv-00426

**Marcus Deon Johnson,**
*Plaintiff,*
v.
**Pennie Kempt et al.,**
*Defendants.*

# ORDER

Plaintiff Marcus Deon Johnson, proceeding pro se and *in forma pauperis*, filed a previous civil-rights lawsuit pursuant to 42 U.S.C. § 1983. Doc. 1. The claims pending in this case were severed from that lawsuit for separate consideration and referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636(b). Docs. 6, 7.

On February 14, 2022, the magistrate judge issued a report recommending that this case be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(b). Doc. 23. The plaintiff filed a timely written objection. Doc. 25.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). The magistrate judge recommended dismissal because the plaintiff's amended complaint fails to state a claim for which relief can be granted. Doc. 23 at 10. A review of the amended complaint confirms that assessment.

In his objection, Plaintiff addresses only one aspect of the magistrate judge's report: the treatment of his Eighth Amendment claim arising from his being required to use stairs while on crutches. Doc. 25 at 2. The magistrate judge recommended dismissal of that claim because, even assuming that the use of stairs by an inmate on crutches is inherently risky enough to otherwise state a claim under the Eighth Amendment, the plaintiff does not allege that any such

risk came to fruition in this case. Doc. 23 at 5–6. As the magistrate judge observed, the plaintiff does not allege that he fell down the stairs or suffered any other injurious event during the "several times" he used crutches on the prison stairs. *Id.* at 6. He relies only on "emotional stress, pain and suffering" as the basis for his claim. *Id.* That emotional injury cannot support a prisoner's civil-rights claim for damages. *Id.* at 5–6 (citing 42 U.S.C. § 1997e(e)).

The plaintiff now alleges in conclusory fashion that the alleged "substantial risk of serious harm . . . furthered [his] pain." Doc. 25 at 2. But a risk of harm is not the equivalent of actual physical harm. As the magistrate judge correctly explained, emotional pain alone is not sufficient to state a claim, and the plaintiff still does not allege any actual physical event or injury caused by his use of crutches on stairs.

The plaintiff also asserts that his institutional grievance about being required to use crutches on stairs was "found to have merit." *Id.* But that does not mean that the circumstances alleged in the grievance automatically violated the Constitution. Violation of prison rules or regulations does not automatically amount to a violation of an inmate's constitutional rights. "[A] prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met." *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996); *see also Schwarzer v. Wainwright*, No. 19-41011, 2021 WL 6060002, at *1 (5th Cir. Dec. 17, 2021) (affirming dismissal of a claim premised on defendants' alleged failure to follow prison rules).

Finally, the plaintiff relies on *Wilson v. Weisner*, 43 F. App'x 982 (7th Cir. 2002), to suggest that he is entitled to discovery on the question of whether crutches on stairs are inherently dangerous. Doc. 25 at 2. But the magistrate judge expressly observed that the plaintiff's lack of alleged injury made it unnecessary to determine whether the use of crutches on stairs raises a substantial risk of serious harm. Doc. 23 at 5. And, as the magistrate judge noted, the inmate in *Wilson* was entitled to further development because he

sustained actual physical injuries. *Id.* at 6. Accordingly, *Wilson* does not support the plaintiff's position here.

Having reviewed the magistrate judge's report de novo, and being satisfied that it contains no error, the court overrules the plaintiff's objections and accepts the report's findings and recommendation. This case is dismissed with prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(b).

*So ordered by the court on March 30, 2022.*

J. CAMPBELL BARKER
United States District Judge